IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RAFAEL SERRANO,<br><br>       Petitioner,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>       Respondent. | No. CV-F-08-968 OWW)<br>(No. CR-F-02-5319 OWW)<br><br>MEMORANDUM DECISION AND ORDER DIRECTING PETITIONER TO FILE AMENDED MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 WITHIN 30 DAYS OF THE FILING DATE OF THIS ORDER |

On July 8, 2008, Petitioner Oscar Rafael Serrano, proceeding *in pro per*, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner, represented by James Homola, pleaded guilty to the Honorable Robert E. Coyle pursuant to a written Plea Agreement to conspiracy to manufacture and distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)1). The Plea Agreement provided:

    2.    <u>Agreements by the Defendant</u>.

1

...

(c) The defendant understands and agrees that the Court is not a party to this agreement, that sentencing is a matter solely within the discretion of the Court, the Court is under no obligation to accept any recommendation made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement. If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this Agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

(d) The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal his conviction or any sentence (or the manner in which the sentence was determined) which is in accordance with the maximum provided [in] Title 21, United States Code, Section 841(b)(1)(A) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255.

...

3. **Agreements by the Government**.

(a) The government will recommend that the defendant receive a three-level reduction in

the computation of his offense level due to
his acceptance of responsibility, provided
that the defendant qualifies for such a
reduction in his interview with the probation
officer.

(c) The government agrees to dismiss the
remaining charges in the Superseding
Indictment at the time of sentencing.

(d) The government agrees to recommend a
sentence at the bottom of the guideline
range.

The Plea Agreement set forth the potential sentence, advising Petitioner that he faced a mandatory minimum sentence of 10 years and a maximum sentence of life. The Plea Agreement further provided:

**9. Court not a Party.**

It is understood by the parties that the
sentencing Court is neither a party to nor
bound by this agreement and the sentencing
judge is free to impose the maximum penalties
as set forth in paragraph 5 above. Also,
should the court fail to follow any or all of
the government's sentencing recommendations,
the defendant will not be allowed to withdraw
his plea.

**10. Presentence Report.**

The defendant understands that the United
States Probation Office is not a party to
this agreement and will conduct an
independent investigation of the defendant's
activities and his background and prepare a
presentence investigation report which it
will submit to the court as its own
sentencing recommendation. In addition, the
government will fully apprize the Probation
Office, as well as the court, of the full and
true nature, scope and extent of the
defendant's criminal activities concerning
the charge to which the defendant is entering
a plea of guilty, including activities which
may not have been charged in the Indictment

or were the subject of dismissed counts. Petitioner was sentenced by Judge Coyle on June 21, 2004 to 235 months incarceration, representing the low end of the Guideline range, and a 60 month term of supervised release. Petitioner did not file a Notice of Appeal.

As the ground for the Section 2255 motion, Petitioner asserts:

> Counsel's failure to inform of time limits: (1) caused Serrano to lose right to appeal; and (2) constituted ineffective assistance of counsel.
>
> On June 22, 2004, after the district court restored his right to appeal, Serrano asked his family to continue to hire James Homola to file an appeal. Serrano and his family spoke only spanish [sic] at that time. After Serrano had been sentenced by the Eastern District of California and Serrano's family had paid attorney Homola additional money, Serrano did not see Homola again. Serrano contends that he relied upon his attorney's unprofessional errors, resulting in the denial of his right to appeal.

In the brief in support of the Section 2255 motion, Petitioner asserts:

> On June 22, 2004, after the district court restored his right to appeal, Serrano asked his family to continue to hire James Homola to file an appeal. Serrano described to his family the issues he wanted raised in the appeals court. Serrano and his family spoke only spanish [sic] at that time. After Serrano had been sentenced by the district court and Serrano's family had paid attorney Homola additional money, Serrano did not see Homola again; however, Serrano called Homola about once a month. Homola assured Serrano and his family that he was just waiting for a court date and that he was taking care of everything.

4

However, in another section of the brief, Petitioner asserts:

> Oscar Serrano argues that his paid attorney was obligated to consult with him about the filing of an appeal and that attorney James Homola's failure to take active steps to inform him about the advantages of filing an appeal and to discern Serrano's wishes regarding that course of action, did not meet that obligation.

Petitioner's brief further asserts that his "unlimited waiver of his right to appeal his sentence was not knowing and voluntary." Petitioner contends:

> Serrano concedes, Rule 11 contemplates that at the time of the plea the Court will inquire into whether the waiver of the right to appeal the sentence is made knowingly and voluntarily ... Serrano contends, however, that such a procedure is inadequate to ensure a knowing and voluntary waiver of the right to appeal the sentence where, as here, the plea agreement itself does not make clear that defendant is waiving his right to appeal an erroneous sentence that may be three to eight times that which is expressly contemplated by the parties, and that the sentence will be based upon information in the as yet unprepared presentence report.

The threshold issue is the timeliness of Petitioner's Section 2255 motion.

Section 2255 provides that a one-year period of limitation applies to a Section 2255 motion, which limitation period runs from the latest of:

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by

>                    such governmental action;
>
>                    (3) the date on which the right asserted was
>                    initially recognized by the Supreme Court, if
>                    that right has been newly recognized by the
>                    Supreme Court and made retroactively
>                    applicable to cases on collateral review; or
>
>                    (4) the date on which the facts supporting
>                    the claim or claims presented could have been
>                    discovered through the exercise of due
>                    diligence.

Applicable here is Section 2255(4).

"The statute does not require the maximum feasible diligence, only due, or reasonable diligence." *Wims v. United States*, 225 F.3d 186, 190 n.4 (2nd Cir.2000). "Due diligence ... does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts." *Aron v. United States*, 291 F.3d 708, 712 (11th Cir.2002). This test requires courts to consider certain external requirements such as "the conditions of [the petitioner's] confinement." *Wims*, *id.* Because "a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice," *Roe v. Flores-Ortega*, *supra*, 528 U.S. at 476, a petitioner is not required "to check up on his counsel's pursuit of an appeal on ... the very day on which [his] conviction becomes final." *Wims, id*. However, "a duly diligent person" does not require "three and a half years ... to discover that counsel had not filed a notice of appeal ...." *Zapata v. United States*, 2000 WL 1610801 at *3 (S.D.N.Y.2000); *see Tineo v. United States*, 2002 WL 1997801 at *2

(S.D.N.Y.2002)("A duly diligent person in Tineo's shoes would not have needed more than three years to discover the alleged ineffectiveness of counsel, including whether his attorney had failed to file a direct appeal."); *Gonzalez v. United States*, 2002 WL 31512728 at *4 (S.D.N.Y.2002).

In *Calderon v. U.S. Dist. Court for Central Dist. of Cal.*, 128 F.3d 1283 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 and 523 U.S. 1061 (1998), *overruled on other grounds*, 163 F.3d 530 (9th Cir. 1998), the Ninth Circuit held that the one-year limitations period applicable to Section 2255 motions is subject to equitable tolling. However, the Ninth Circuit further held:

> Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a petitioner's control make it impossible to file a petition on time ... We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted.

Id. at 1288-1289.

"A litigant seeking equitable tolling [of the one-year AEDPA limitations period] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002).

In *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir.2006), the Ninth Circuit addressed whether a petitioner's inability to obtain Spanish-language materials or procure translation assistance can be grounds for equitable tolling of the AEDPA's one-year limitation period:

> While *Whalem/Hunt* does not directly control the facts of this case, we find its reasoning instructive. In *Whalem/Hunt*, the state's failure to provide access to the text of the AEDPA constituted possible grounds for equitable tolling because, according to the petitioner's allegations, the absence of a copy of the AEDPA prevented him from learning about the AEDPA's one-year deadline and therefore prevented a timely filing ... We concluded that remand was the appropriate remedy because the district court had provided the petitioner 'no opportunity to amend his petition or expand his declaration,' and had failed to hold an evidentiary hearing ....
>
> By analogy, Mendoza has alleged that lack of access to Spanish-language legal materials prevented him from learning about the AEDPA's deadline and thereby prevented his timely filing. According to his declaration, when Mendoza was first incarcerated, he requested Spanish-language legal materials but was told to 'wait until [he] got to [his] regular assigned prison.' After arriving at Solono State Prison, he made several trips to the library but found only English-language books and only English-speaking clerks and librarians. Not until Mendoza found an newly-arrived, bilingual inmate willing to offer assistance was he able to file his habeas petition; however, by this time, the AEDPA deadline had already passed. We conclude that this combination of (1) a prison library's lack of Spanish-language legal materials, and (2) a petitioner's inability to obtain translation assistance before the one-year deadline, could constitute extraordinary circumstances.

This holding comports with the decisions of other Circuits, which have rejected a per se rule that a petitioner's language limitations can justify equitable tolling, but have recognized that equitable tolling may be justified if language barriers actually prevent timely filing. In *Cobas v. Burgess*, 306 F.3d 441, 441 (6th Cir.2002), the court held that a petitioner's 'inability to speak, write, or understand English, in and of itself, does not automatically' justify equitable tolling. The court emphasized that the 'existence of a translator who can read and write English and who assists a petitioner during appellate proceedings' renders equitable tolling in applicable for that petitioner ... Because Cobas had written a detailed letter to his counsel in English and had otherwise demonstrated his ability to either communicate in English or communicate with a translator, the record in Cobas' case 'belie[d] any claim that language difficulties prevented Cobas from filing his petition in a timely manner.' ....

We find this reasoning persuasive, because it implicitly identifies the category of non-English-speaking inmates whose situations could constitute 'extraordinary circumstances.' Although the petitioner was ultimately denied relief in *Cobas*, the decision's rationale left open the possibility that a non-English speaker who could not find a willing translator could qualify for equitable tolling. Following this reasoning, we conclude that a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate. We agree with *Cobas* that a petitioner who demonstrates proficiency in English or who has the assistance of a translator would be barred from equitable relief ....

...

Because Mendoza alleged that he lacks English

>                language ability, was denied access to
>                Spanish-language legal materials, and could
>                not procure the assistance of a translator
>                during the running of the AEDPA limitations
>                period, he has alleged facts that, if true,
>                may entitle him to equitable tolling.

449 F.3d at 1069-1071.

Petitioner asserts that his Section 2255 motion is timely:

>                Serrano contends that he acted diligently as
>                reasonably as could have been expected under
>                the following circumstances: (Serrano's
>                efforts at the earliest possible time to
>                secure counsel for the purpose of filing a
>                habeas petition; (2) Serrano's lack of funds
>                to consult another lawyer; (3) Homola's
>                assurances to Serrano and his family that
>                everything had been done that could be done;
>                (4) Homola's failure to communicate directly
>                with Serrano at any time after sentencing;
>                (5) Serrano's lack of education and inability
>                to speak or write English; and (6) Serrano's
>                incarceration and attendant lack of direct
>                access to other forms of legal assistance.
>                Serrano files this petition within the time
>                he reasonably believed he was allowed.  This
>                is not a case of laziness or recalcitrance on
>                Serrano's part.  It is, rather, a case of
>                relying on advice of counsel.  However,
>                Serrano is not making an ineffective
>                assistance of counsel claim.  He is making a
>                plea for equitable relief based on the advice
>                of counsel.

Because the facts underlying Petitioner's claim of ineffective assistance of counsel are inconsistent, the timeliness of Petitioner's Section 2255 motion and/or whether Petitioner is entitled to equitable tolling cannot be determined. If Petitioner's representations that he or members of his family told Mr. Homola to file a notice of appeal and that Mr. Homola repeatedly advised members of Petitioner's family concerning the status of the appeal are borne out, it may be that Petitioner's

four-year delay in filing the Section 2255 motion will be timely or subject to equitable tolling. If Petitioner's representation that Mr. Homola failed to consult with him about filing an appeal and discern Petitioner's wishes about the appeal are borne out, Petitioner's motion is not timely because Petitioner would have known at that time that the appeal had not been filed.

These inconsistencies preclude the Court from determining the gravamen of Petitioner's claim of ineffective assistance of counsel, i.e., whether Mr. Homola failed to file an appeal after being timely instructed to do so by Petitioner or Petitioner's family, or whether Mr. Homola failed to consult with Petitioner after sentencing about filing an appeal. These inconsistencies also preclude the Court from ascertaining the timeliness of Petitioner's Section 2255 motion.

Petitioner is ordered to file an amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 setting forth the *specific* facts upon which he relies in contending that he is entitled to relief because of Mr. Homola's alleged failure to file an appeal. Petitioner's amended Section 2255 motion shall be filed within 30 days of the filing date of this Order. All further proceedings shall be by order of the Court.

IT IS SO ORDERED.

Dated:   March 10, 2009                         /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE