IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RAFAEL SERRANO,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. CV-F-08-968 OWW<br>(No. CR-F-02-5319 OWW)<br><br>ORDER DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE |

By Memorandum Decision and Order filed on March 11, 2009, Petitioner Oscar Rafael Serrano was ordered to file, within 30 days of the filing date of the Order, an amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 setting for the specific facts upon which he relies in contending that he is entitled to relief because of Mr. Homola's alleged failure to file an appeal. Petitioner was ordered to file an amended Section 2255 motion because of inconsistencies in Petitioner's motion concerning the gravamen of Petitioner's claim of ineffective assistance of counsel, i.e., whether Mr. Homola

1

failed to file an appeal after being timely instructed to do so by Petitioner or Petitioner's family, or whether Mr. Homola failed to consult with Petitioner after sentencing about filing an appeal.

On April 3, 2009, Petitioner filed a motion for an extension of time to comply with the March 11 Order "due to being placed in 'Shu' for investigation" and because he needed "more than 30 days for lack of library and law assistance." Petitioner was granted an additional 30 days to comply with the March 11 Order.

On April 21, 2009, Petitioner filed a request for appointment of counsel, apparently in order to comply with the March 11 Order.

Petitioner's motion for appointment of counsel is DENIED WITHOUT PREJUDICE.

18 U.S.C. § 3006A(a)(2) provides:

> Whenever the United States magistrate or the court determines that the interests of justice so require, representation may be financially provided for any financially eligible person who is seeking relief under section ... 2255 of title 28.

Unless an evidentiary hearing is ordered by the Court, a petitioner has no constitutional right to appointment of counsel in Section 2255 proceedings. Because Petitioner has not filed the amended motion, the Court cannot determine whether Petitioner will be entitled to an evidentiary hearing. The Court concludes that the interests of justice do not require appointment of counsel for the purpose of filing the amended motion. Petitioner

2

is only required to allege specific facts in the amended motion upon which he relies in contending that he is entitled to relief because of Mr. Homola's alleged failure to file a notice of appeal. These facts are within Petitioner's knowledge and do not require the assistance of counsel to articulate.

IT IS SO ORDERED.

Dated: April 24, 2009 /s/ Oliver W. Wanger
UNITED STATES DISTRICT JUDGE