IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RAFAEL SERRANO, ) <br> ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> Respondent. ) <br> ) <br> _____ ) | No. CV-F-08-968 OWW <br> (No. CR-F-02-5319 OWW) <br><br> ORDER TO SHOW CAUSE WITHIN <br> 20 DAYS WHY PETITIONER'S <br> MOTION TO VACATE, SET ASIDE <br> OR CORRECT SENTENCE PURSUANT <br> TO 28 U.S.C. § 2255 SHOULD <br> NOT BE DISMISSED FOR FAILURE <br> TO TIMELY FILE AMENDED <br> MOTION |

On July 8, 2008, Petitioner Oscar Rafael Serrano, proceeding *in pro per*, filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

In the Memorandum Decision and Order filed on March 11, 2009, the Court ruled:

> Because the facts underlying Petitioner's claim of ineffective assistance of counsel are inconsistent, the timeliness of Petitioner's Section 2255 motion and/or whether Petitioner is entitled to equitable tolling cannot be determined.  If Petitioner's representations that he or

1

> members of his family told Mr. Homola to file a notice of appeal and that Mr. Homola repeatedly advised members of Petitioner's family concerning the status of the appeal are borne out, it may be that Petitioner's four-year delay in filing the Section 2255 motion will be timely or subject to equitable tolling.  If Petitioner's representation that Mr. Homola failed to consult with him about filing an appeal and discern Petitioner's wishes about the appeal are borne out, Petitioner's motion is not timely because Petitioner would have known at that time that the appeal had not been filed.
>
> These inconsistencies preclude the Court from determining  the gravamen of Petitioner's claim of ineffective assistance of counsel, i.e., whether Mr. Homola failed to file an appeal after being timely instructed to do so by Petitioner or Petitioner's family, or whether Mr. Homola failed to consult with Petitioner after sentencing about filing an appeal.  These inconsistencies also preclude the Court from ascertaining the timeliness of Petitioner's Section 2255 motion.
>
> Petitioner is ordered to file an amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 setting forth the *specific* facts upon which he relies in contending that he is entitled to relief because of Mr. Homola's alleged failure to file an appeal. Petitioner's amended Section 2255 motion shall be filed within 30 days of the filing date of this Order.  All further proceedings shall be by order of the Court.

On April 3, 2009, Petitioner moved for a 30 day extension of time to comply with the March 11 Memorandum Decision.  By Order filed on April 10, 2009, Petitioner's motion was granted and Petitioner was ordered to file the amended Section 2255 motion within 30 days of the filing of the Order granting the extension of time.

On April 21, 2009, Petitioner filed a motion for appointment

of counsel.  By Order filed on April 24, 2009, Petitioner's motion was denied:

> Petitioner is only required to allege specific facts in the amended motion upon which he relies in contending that he is entitled to relief because of Mr. Homola's alleged failure to file a notice of appeal. These facts are within Petitioner's knowledge and do not require the assistance of counsel to articulate.

As of June 9, 2009, Petitioner has not filed the amended Section 2255 motion required by the March 11 Memorandum Decision.

Petitioner is ordered to show cause within 20 days of the filing date of this Order why his Section 2255 motion should not be dismissed for failure to timely comply with the March 11, 2009 Memorandum Decision and Order.  Failure to timely comply with this order will result in the dismissal of his Section 2255 motion as untimely.

IT IS SO ORDERED.

Dated:  June 9, 2009                   /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE