1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT FOR THE

7                    EASTERN DISTRICT OF CALIFORNIA

8

9  OSCAR RAFAEL SERRANO,           )        No. CV-F-08-968 OWW
                                   )        (No. CR-F-02-5319 OWW)
10                                 )
                                   )        ORDER DISMISSING
11              Petitioner,        )        PETITIONER'S MOTION TO
                                   )        VACATE, SET ASIDE OR CORRECT
12        vs.                      )        SENTENCE PURSUANT TO 28
                                   )        U.S.C. § 2255 AS UNTIMELY
13                                 )        AND DIRECTING CLERK OF COURT
   UNITED STATES OF AMERICA,       )        TO ENTER JUDGMENT FOR
14                                 )        RESPONDENT
                                   )
15              Respondent.        )
                                   )
16 _____)

17

18       On July 8, 2008, Petitioner Oscar Rafael Serrano, proceeding

19  *in pro per*, filed a motion to vacate, set aside or correct

20  sentence pursuant to 28 U.S.C. § 2255.

21       In the Memorandum Decision and Order filed on March 11,

22  2009, the Court ruled:

23            Because the facts underlying Petitioner's
              claim of ineffective assistance of counsel
24            are inconsistent, the timeliness of
              Petitioner's Section 2255 motion and/or
25            whether Petitioner is entitled to equitable
              tolling cannot be determined.  If
26            Petitioner's representations that he or

                              1

members of his family told Mr. Homola to file
a notice of appeal and that Mr. Homola
repeatedly advised members of Petitioner's
family concerning the status of the appeal
are borne out, it may be that Petitioner's
four-year delay in filing the Section 2255
motion will be timely or subject to equitable
tolling.  If Petitioner's representation that
Mr. Homola failed to consult with him about
filing an appeal and discern Petitioner's
wishes about the appeal are borne out,
Petitioner's motion is not timely because
Petitioner would have known at that time that
the appeal had not been filed.

These inconsistencies preclude the Court from
determining  the gravamen of Petitioner's
claim of ineffective assistance of counsel,
i.e., whether Mr. Homola failed to file an
appeal after being timely instructed to do so
by Petitioner or Petitioner's family, or
whether Mr. Homola failed to consult with
Petitioner after sentencing about filing an
appeal.  These inconsistencies also preclude
the Court from ascertaining the timeliness of
Petitioner's Section 2255 motion.

Petitioner is ordered to file an amended
motion to vacate, set aside or correct
sentence pursuant to 28 U.S.C. § 2255 setting
forth the *specific* facts upon which he relies
in contending that he is entitled to relief
because of Mr. Homola's alleged failure to
file an appeal.  Petitioner's amended Section
2255 motion shall be filed within 30 days of
the filing date of this Order.  All further
proceedings shall be by order of the Court.

On April 3, 2009, Petitioner moved for a 30 day extension of

time to comply with the March 11 Memorandum Decision.  By Order

filed on April 10, 2009, Petitioner's motion was granted and

Petitioner was ordered to file the amended Section 2255 motion

within 30 days of the filing of the Order granting the extension

of time.

On April 21, 2009, Petitioner filed a motion for appointment

of counsel.  By Order filed on April 24, 2009, Petitioner's motion was denied:

> Petitioner is only required to allege
> specific facts in the amended motion upon
> which he relies in contending that he is
> entitled to relief because of Mr. Homola's
> alleged failure to file a notice of appeal.
> These facts are within Petitioner's knowledge
> and do not require the assistance of counsel
> to articulate.

As of June 9, 2009, Petitioner had not filed the amended Section 2255 motion required by the March 11 Memorandum Decision. By Order filed on June 9, 2009, Petitioner was ordered to show cause within 20 days of the filing date of the Order why his Section 2255 motion should not be dismissed for failure to timely comply with the March 11, 2009 Memorandum Decision and Order. Petitioner was advised: "Failure to timely comply with this order will result in the dismissal of his Section 2255 motion as untimely."

Petitioner has not responded to the Order to Show Cause and has not filed an amended Section 2255 motion as required by the March 11 Memorandum Decision.

ACCORDINGLY:

1.  Petitioner Oscar Rafael Serrano's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DISMISSED AS UNTIMELY.

2.  The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT.

///

1  IT IS SO ORDERED.

2  **Dated:    July 9, 2009**                        /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26