**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OSCAR RAFAEL SERRANO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA<br><br>　　　　　Respondent. | 1:02-cr-05319-LJO<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND PROPOSED AMENDMENT 782, U.S.S.G. § 1B1.10**<br>(Doc. 194) |

　　　　Petitioner Oscar Rafael Serrano ("Petitioner") is a federal prisoner proceeding pro se pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, U.S.S.G. § 1B1.10 to amend his sentence in connection with his conviction for Conspiracy to Distribute and Possess Methamphetamine and Aiding and Abetting and Attempted Manufacture of Methamphetamine in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1), and 21 U.S.C. § 846. Doc. 144 at 1.

### I.　FACTUAL AND PROCEDURAL HISTORY

　　　　On September 12, 2002, Petitioner and co-defendants were indicted and charged with conspiring to manufacture and distribute methamphetamines in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. Doc. 196 at 2. As part of his plea agreement and presentence report, Petitioner admitted that he was personally in possession of approximately 25 pounds (approximately 11.3 kilograms) of actual methamphetamines and enough chemicals and pseudoephedrine to produce an additional 25 pounds (approximately 11.3 kilograms). Docs. 196 at 2. Based on the level of methamphetamines involved, the U.S. Probation Office in its presentence report recommended that Petitioner's base offense level be 38. *Id*. On June 21, 2004, the Court adopted the findings of the presentence report and sentenced Petitioner to 235 months imprisonment and 60 months of supervised release. Doc. 144. at 2-3.

Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, U.S.S.G. § 1B1.10, Petitioner filed this motion to reduce sentence on November 3, 2014. Doc. 194 . The government filed their opposition the same day. Doc. 196.

## II. ANALYSIS

In the majority of cases, upon completion of direct review, an imposed sentence is final; however, there is an exception for sentences imposed pursuant to a guidelines range that has subsequently been lowered:

> The court may not modify a term of imprisonment once it has been imposed except that…in the case of a defendant who had been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(2).

In April 2014, the United States Sentencing Commission ("Sentencing Commission") unanimously voted to lower the sentencing guideline levels applicable to most federal drug trafficking offenders. *News Release. U.S. Sentencing Commission Unanimously Votes to Allow Delayed Retroactive Reduction in Drug Trafficking Sentences* (July 18, 2014). In July 2014, the Sentencing Commission voted to make Amendment 782 retroactive, meaning that many offenders currently in prison are now eligible for a reduced sentence. *Id*. Amendment 782 was subject to Congressional revocation at any time before November 1, 2014. 28 U.S.C. §994(o). Congress permitted the amendment to go forward without objection and the Amendment is now codified. *News Advisory. Comment of Honorable Patti B. Saris, Chair, U.S. Sentencing Commission, on Amendment Reducing Drug Guidelines Becoming Effective Tomorrow* (October 31, 2014).

1. **Applicability of Amendment to Petitioner's Sentence**

Amendment 782 modifies the Drug Quantity Table to lower base offense levels by two points for most federal drug traffic offenders. Amendment 782, U.S.S.G. § 1B1.10. However, the highest base

offense level in the drug quantity table, reserved for those convicted of possessing large quantities of controlled substances, remained at 38. *News Release. U.S. Sentencing Commission Votes to Reduce Drug Trafficking Sentences* (April 10, 2014); U.S. Sentencing Guidelines Manual Amendment 782. Although the Court has jurisdiction to review Petitioner's claim and his claim is currently ripe, Petitioner does not qualify for a sentence reduction. Amendment 782 does not lower the base offense level for defendants such as Petitioner who possessed over 4.5KG of actual methamphetamine. U.S. Sentencing Guidelines Manual Amendment 782. Petitioner pled guilty to possession of 25 LBS or approximately 11.3KG of actual methamphetamine, an amount much greater than the minimum set to qualify a person for the highest base offense level. Doc. 196 at 2 and U.S.S.G. § 2D1.1. Therefore Petitioner's base offense level remains at 38 with a 3 level reduction for acceptance of responsibility. Petitioner's overall offense level is still 35 and therefore the applicable sentence guideline ranges is 235 to 293 months. Because Petitioner has no basis for seeking a reduction, his motion is DENIED.

### III. CONCLUSION AND ORDER

For the reason discussed above, this Court:

1. DENIES Petitioner's motion to reduce his sentence pursuant to 18 U.S.C.§ 3582(c)(2).

IT IS SO ORDERED.

Dated:  **November 7, 2014**            /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE